Sulton F. Allen *against* William Dickson.          *December, 1823.*

THE Chief Justice delivered the opinion of the Court.
This was an action of assumpsit, brought in *Madison* County Court by *Dickson*, on a promissory Note of *Allen's* payable to *William Moore*, for $50, to be paid when the seat of justice for *Lawrence* County should be fixed at *Moulton.*

The declaration avers no consideration for the Note, and avers that the seat of Justice for *Lawrence* County was fixed at the town of *Moulton*, on the —— day of ———— ———— in the year ——— The assignment of the Note by *Moore*, and notice to the maker, &c. *Allen* plead non assumpsit; a verdict was rendered against him for $58$\frac{66}{100}$. He filed reasons in arrest of judgment : 1st, That no sufficient cause of action is averred in the declaration. 2d, There is no averment that the Note was given on any consideration : which the County Court overruled, *and he now assigns this matter as Error.*

It is urged in support of the first reason that the declaration does not state the time when the seat of justice was fixed at *Moulton*, nor that the defendant being indebted on said Note, " in consideration thereof, then, and there, pro- " mised to pay," &c.

After stating the assumpsit as expressed in the Note, a statement of *super se assumpsit* in consideration thereof, would have been mere repetition. By the Note, the maker promised to pay on the happening of a certain event. The declaration avers that it has happened, but does not state at what time. The plea put in issue the whole matter of the plaintiff's cause of action as alleged. The Jury have found that the defendant did assume as in the declaration stated, and have assessed the damages which the plaintiff has sustained by the breach of the contract. The declaration avers that the seat of justice had been fixed at *Moulton.* The verdict finds the averments of the declaration to be true. It must then have been proved to the satisfaction of the Jury, and of the Court who tried the cause, that it had been so fixed before the institution of the suit.

*Margin note:*

1st, Declaration on a promissory Note payable on a contingency, avers that the contingency happened on ———— day of ————, good after verdict.
2d, In action on a promissory Note it is not necessary to aver or prove the consideration.

The declaration shews a good title, although the statement is defective in omitting to shew the precise day on which the event happened. The defect (as has been often decided by this Court) is cured by the verdict.

The second point calls our attention to a question which has not heretofore been investigated by this Court. In declaring on a promissory Note, is it necessary to aver on what consideration it was given? We conceive that this question rests on the construction of one of our Statutes, and not on the doctrine at common law.

By the Act of 1811 regulating Judicial proceedings, (Laws Ala. 462, sec. 3,) it is provided " that whenever any " suit shall be depending in any of the Courts of this territo- " ry having jurisdiction thereof, founded *on any writing*, whe- " ther the same be under seal or not, the Court before whom " the same is pending *shall receive such writing as evidence* " *of the debt or duty* for which it was given ; and it shall not " be lawful for the defendant or defendants in any such " suit to deny the execution of such writing, unless it be by " plea supported by the affidavit of the party," &c.

What is a debt or duty? We would answer : a debt is a legal liability to pay a specific sum of money ; a duty, (as the term is here used) is a legal obligation to perform some act. If the Court before which the suit is depending must receive such writing as evidence of the debt or duty, we think that it follows, that such writing, without the aid of other proof, shall be *prima facie* evidence of the liability of the maker to pay the money, or perform the duty as therein mentioned. This construction appears to be supported by the expressions in the same clause of the Statute, " whether the same " be under seal or not." If under seal, of itself it imported a consideration, and by the common law, was evidence of the Debt or duty. If by virtue of the Statute cited, a writing not under seal shall be received as evidence of the Debt or duty, without proof of the consideration, it is unnecessary to aver that which is not required to be proved. The latter clause of this section declares that it shall not be lawful for the defendant to deny the execution of " such writing," unless it be by plea supported by affidavit; and in this respect gives to an instrument without seal the grade and character of a deed or bond. Taking the whole section together, and in connection with the following section of the Act, which authorizes the party charged on a sealed instrument " by special plea to impeach or go into the considera- " tion of such bond in the same manner as if the said writ- " ing had not been sealed, " the construction seems to follow that the Legislature intended by this Act to put sealed and

DECEMBER, 1823.

Sulton F. Allen
v.
William Dickson.

unsealed instruments on the same footing in at least three particulars: that neither should be denied by the party charged, unless on oath: that they should alike be *prima facie* evidence of the liability which they purport to create: and that the consideration of either may be impeached by special plea.

If the construction of this Statute had been less plain than it has appeared to us, yet the practice under it having been uniformly (or almost so) throughout the State in accordance with the view we have taken, and the conviction that general convenience would be best promoted by this construction, would have been sufficient to have determined our opinions.

The judgment of the Court below is therefore affirmed.

*Kelly* and *Hutchisson* for plaintiff.

*John M. Taylor* for defendant in Error.