ZIMMERMAN v. POINDEXTER et al.

Civ. No. 730.

District Court, Hawaii.

July 3, 1947.

See also, D.C., 74 F.Supp. 933.

A. L. Wirin and Fred Okrand, both of Los Angeles, Cal., for plaintiff.

Tom C. Clark, Atty.Gen., Fritz Weiner, Sp.Asst. to Atty.Gen., and Ray J. O'Brien, U.S.Atty., of Honolulu, Hawaii, for defendants.

McCORMICK, District Judge.

This is an action for damages claimed by the plaintiff to have been caused by conduct of the respective defendants incidental to the attack and invasion of the Hawaiian Islands by the armed forces of the Empire of Japan on December 7, 1941.

Plaintiff in his second amended complaint avers his loyal citizenship to the United States, and further alleges that all the defendants with the exception of Joseph P. Poindexter and Robert L. Shivers were at all relevant times officers of the Army of the United States; that defendant Poindexter at all material times and until approximately January, 1942, was the duly appointed and acting Governor of the Territory of Hawaii, and that at all times applicable to this action defendant Shivers was a special agent of the Federal Bureau of Investigation in charge of such Governmental agency for the Territory of Hawaii.

It is further alleged that all of the defendants herein acted in all respects as specified in the second amended complaint beyond the scope of their authority and in excess of their authority as officers of the Army of the United States, and as Governor of Hawaii, and as F.B.I. agent respectively; and that they acted arbitrarily, capriciously and unlawfully to the damage of plaintiff in amounts stated in the second amended complaint.

Attack of plaintiff's amended pleading by separate motions to dismiss is made by defendants Poindexter, Kelley, Shivers and Bicknell, and by separate motions for summary judgment by defendants Poindexter and Kelley respectively.

Specifically, plaintiff alleges unlawful abrogation on December 7, 1941, by defendant Poindexter of his authority as Governor of Hawaii and the reposing of plenary gubernatorial powers, as well as that normally exercised by judicial officers of the Territory of Hawaii, in the commanding general of the Hawaiian Department of the United States Army.

Various alleged acts of arrest, imprisonment, detention, transportation, denial of the Constitutional, personal and property rights of the plaintiff are specified to have been committed by the defendants from December 7, 1941, to December 16, 1945.

Plaintiff further states that on the mainland he was released by the defendants from further imprisonment on March 12, 1943, and he claims that his reason for delaying the filing of this action is as follows:

"He immediately sought to return to Honolulu. The defendants, however, prevented the plaintiff from returning to Honolulu; and the plaintiff was so prevented by said defendants from returning to Honolulu until December 16, 1945.

"At the first opportunity to return to Hawaii, plaintiff did so; namely, on December 16, 1945; and caused a complaint to be filed in the above-entitled action on May 8, 1946.

"The plaintiff was prevented from filing his complaint herein, and from filing a suit against the defendants, from December 8, 1941, to December 16, 1945, by the action of the defendants as set forth hereinabove and not through any fault on his part."

■ The right of the plaintiff to invoke the Federal Court for the adjudication of the claims asserted in the pleadings under attack in unquestionable.

■ Very early in our national life the Supreme Court, speaking through Chief Justice Marshall, enunciated the rule that a case may truly be said to arise under the Constitution or a law of the United States whenever its correct decision depends on the construction of either. This rule of decision has quite recently been restated by the Supreme Court in Bell v. Hood, 1945 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.

The jurisdiction of this Court in the sense of the power to hear and determine the cause as pleaded in paragraph 3 of the second amended complaint is as follows:

"This court has jurisdiction under the provisions of Title 8 U.S.Code, Section 41(1) [28 U.S.C.A. § 41(1)] in that the cause of action herein arises under the Constitution of the United States, including more particularly:

"1. The rights of the plaintiff to liberty and property under the fifth amendment of the Constitution and laws of the United States;

"2. The rights of the plaintiff under the sixth amendment, particularly to a fair and full hearing; to be informed of the nature or cause of any accusation or charge against him; to a presentment or indictment of a grand jury; to a public trial; to a trial by jury; and to be represented by counsel.

"The matter in controversy exceeds, exclusive of interest and costs, the sum of Three Thousand Dollars. This proceeding involves the interpretation of 28 U.S.Code, Section 41(1) [28 U.S.C.A. § 41(1)] and the scope of the fifth and sixth amendments."

It is clear that the action pleaded is not one properly classified as a so-called common law tort—or one that is typical of a conflict between state and federal jurisdiction. There are no state courts available to the plaintiff as far as the movant defendants are concerned.

Among the causative factors which must be considered and measured under the allegations of the second amended complaint, in order to decide whether the liability of the respective defendants can or cannot be made out, are two basic Federal laws, namely, Article 1, Section 9, of the Constitution pertaining to the suspension of the privilege of the writ of habeas corpus, and the Hawaiian Organic Act, Title 48 U.S.C.A. § 491 et seq.

These factors, in my opinion, differentiate the pleaded case as laid in the second amended complaint from that considered in the learned opinion of Judge Mathes in Bell v. Hood et al., D.C.S.D.Cal., 71 F.Supp. 813.

It could be reasonably contended in the light of the controlling opinion of our Circuit Court of Appeals in Ex parte Zimmerman, 9 Cir., 132 F.2d 442, that if nothing more than suspension of the privilege of the writ of habeas corpus up to the month of February, 1942, caused damages to the plaintiff, he would have stated no compensable claim. But the case before us, as shown by the record, is not so restricted or circumscribed. See Duncan v. Kahanamoku, 327 U.S. 304, 66 S.Ct. 606, 90 L.Ed. 688. The action before us involves an inquiry into the circumstances and necessities of the situation on December 7, 1941, and subsequent.

■ It has been held that personal liability attaches to executive or administrative officers who interfere in ways not authorized by law with the rights of citizens. The cloak of office is no protection to such officers even when acting in good faith. See Stiles v. Morse, 233 Mass. 174, 123 N.E. 615, 4 A.L.R. 1365.

■ It is undoubtedly true that the violation of official duty, as declared by statute, may be so remote as not to be material, but such situation does not, under the record in this action, apply at this stage of the proceedings. And in order to ascertain the scope or degree of official responsibility and relevant attending consequences, it is necessary that the specific facts and circumstances involved in the concrete situation be examined evidentially.

■ There are vital issues in this action as to whether or not the statutes of limita-

tions of Hawaii as they operate bar the cause against the several movant defendants. There is at least debatable ground as to whether the six-year period provided in Section 10421 or the two-year period under Section 10427 is applicable, and in the light of the tolling terms of Section 10434 of the Revised Laws of Hawaii, 1945, and also because of the existence of situations dehors the statutes which may have operated to suspend the running of the statutes of limitations, no sufficient showing appears from the record now before the court which would warrant conclusions that the action is barred against any movant defendant.

■ It should be noted further respecting the motions of defendants Poindexter and Kelley, respectively, that the question presented by a motion for summary judgment is whether or not there is a genuine issue of fact and not how that issue should be determined. It clearly appears from the record, including affidavits on file herein, that there are genuine issues of fact both as to any liability on the part of each defendant respectively and also whether or not the factual situation as alleged in the second amended complaint, and shown by the record before us, have not suspended the operation of the statutes of limitations of the Territory of Hawaii. And in view of such showing there is no warrant at this time for the granting of the motions for summary judgment herein. Gifford v. Travelers Protective Association, 9 Cir., 153 F.2d 209; Yoder v. Nu-Enamel Corp., 8 Cir., 1944, 145 F.2d 420.

We hold that the second amended complaint adequately states a claim for relief against all movant defendants.

It follows that the motion to dismiss the second amended complaint as to defendant Joseph P. Poindexter and the motion for summary judgment in his favor, filed June 24, 1947, is denied in toto.

The motion to dismiss the second amended complaint as to the defendant Joseph J. Kelley and motion for summary judgment in his favor, filed June 24, 1947, is denied.

The motion to dismiss the second amended complaint as to the defendant Robert L. Shivers, filed June 24, 1947, is denied.

The motion to dismiss the second amended complaint as to the defendant George W. Bicknell, filed June 24, 1947, is denied.

Each movant defendant will, accordingly, serve and file answer herein without prejudice to the invocation by any defendant of any applicable defense pursuant to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.