## JAIME V. DEL ROSARIO *v.* DAVID KOHANUINUI AND COMMERCIAL REFUSE SERVICE.

### No. 4980.

MARCH 24, 1971.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal from an order of the circuit court granting defendant's motion to dismiss.

On March 2, 1965 plaintiff Jaime V. Del Rosario filed a complaint alleging injuries suffered on March 1, 1963 due to defendant David Kohanuinui's negligent operation of defendant Commercial Refuse Service's vehicle. Defendants' answer in part alleged that this claim was barred by the applicable two year statute of limitations.[1] Defendants subsequently filed a motion to dismiss upon this ground.

At a hearing on this motion, testimony was given by plaintiff's attorney and Kenneth K. Koyanagi, an adjuster for the insurer of defendant Commercial Refuse Service. This testimony dealt with settlement negotiations between these two conducted prior to the filing of the complaint. To support his contention that the conduct of Koyanagi, defendants' agent, equitably estopped defendants from asserting the statute of limitations as a bar, plaintiff's attorney additionally submitted a personal affidavit noting all negotiations with this adjuster. The substance of this evidence follows.

Koyanagi stated that in June 1964 he wrote to plaintiff's attorney requesting that his physician, Dr. Nadamoto, examine plaintiff Del Rosario. Koyanagi's reason was to determine the extent of plaintiff's injuries attributable to defendants' alleged negligence, Del Rosario having been hurt in a prior accident before March 1, 1963. Following this letter, telephone conversations between Koyanagi and plaintiff's attorney regarding the matter took place. Then on August 12, 1964, Koyanagi called plaintiff's attorney about the examination and was told plaintiff had

---

[1] The relevant language of RLH 1955 § 241-7, Damage to persons or property, is:

"Actions for the recovery of compensation for damages or injury to persons or property shall be instituted within two years after the cause of action accrued, * * *."

HRS § 657-7 is the current statutory counterpart.

given the attorney "the green light" to proceed with a law suit. Koyanagi further testified, "At that time you told me he was not examined by Dr. Nadamoto. In fact, even appointment wasn't made by phone. You said you would get on it, and that's the last time [August 12, 1964] I heard from you."

The testimony of plaintiff's attorney, on the other hand, contradicted Koyanagi's significantly. The attorney alleged that at the time settlement negotiations were discussed "in August, and in September, at the request of Mr. Koyanagi I withheld the filing of the suit because he wanted to at least have the plaintiff examined by his physician prior to that." Koyanagi denied making this request. Plantiff's attorney further asserted that "either in December of 1964 or January of 1965 we had one other discussion with Mr. Koyanagi * * * [and] because Mr. Del Rosario at that point had still not been examined by Dr. Nadamoto, I was supposed to contact Mr. Del Rosario and Mr. Koyanagi was supposed to contact Dr. Nadamoto again, and this was the last conversation I recall having had with Mr. Koyanagi." Koyanagi does not recall this conversation.

The affidavit of plaintiff's attorney reiterates much of the substance of his testimony and also states that in the talk of December 1964 or January 1965 he "was promised a doctor's report by defendants' representative [Koyanagi] and agreed not to file an action until the same was received."

In granting defendants' motion to dismiss on the statute of limitations, the court concluded there was "no misleading by the adjuster," thus rejecting plaintiff's claim of equitable estoppel. We reverse, finding the evidence presented raises a genuine issue as to a material fact, and that defendants therefore were not entitled to a judgment

as a matter of law. *Aku* v. *Lewis,* 52 Haw. 366, 378, 477 P.2d 162, 169 (1970).

If when ruling on a motion to dismiss, the court considers matters outside the pleadings, as it did in the instant case, the motion becomes one for summary judgment. *Richards* v. *Midkiff,* 48 Haw. 32, 38, 396 P.2d 49, 54 (1964) ; H.R.C.P. Rule 12(b).[2] As the affidavit of plaintiff's attorney was properly before the court, we must determine on appellate review whether all of the evidence, when viewed in the light most favorable to plaintiff Del Rosario, presents a genuine factual issue that would equitably estop defendants from asserting the statutory bar. *Aku* v. *Lewis, supra* at 371.

When there is a disputed material factual issue as to whether a suit is timely brought, a defendant should not be granted summary judgment on the basis of the statute of limitations. *Begnaud* v. *White,* 170 F.2d 323 (6th Cir. 1948) ; *Delson* v. *Minogue,* 190 F. Supp. 935 (E.D.N.Y. 1961) ; *Zimmerman* v. *Poindexter,* 78 F. Supp. 421, 424 (D.C. Haw. 1947) ; 6 J. Moore, Federal Practice § 56.17(21) 2546 (2d ed. 1966). The sole question therefore on this appeal is whether the evidence raises the issue of estoppel; namely, was plaintiff, through his attorney, induced to refrain from filing suit before March 1, 1965 because of Koyanagi's conduct?

While we are not concerned with deciding this factual issue, conflicting testimony and the affidavit of plaintiff's attorney do raise it. Koyanagi initially wrote to the attorney in June 1964 asking that plaintiff see Dr. Nadamoto. For about seven weeks thereafter other communications transpired regarding this same subject. On August 12, 1964

2 H.R.C.P. Rule 56(c) reads in part:

"The [summary] judgment sought shall be rendered forthwith if the pleadings, * * * [and] affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

plaintiff's attorney received Koyanagi's phone call and stated he was ready to file suit, and allegedly was requested not to do so because Koyanagi wanted plaintiff examined first. Another such request was allegedly made a month later. Then in a final conversation allegedly had in December 1964 or January 1965 Koyanagi agreed to call Dr. Nadamoto and *"promised"* (emphasis supplied)[3] to send to plaintiff's attorney the doctor's report. The attorney, in turn, agreed not to commence legal action until the report was received.

In view of this evidence we cannot say that Koyanagi's claimed conduct could not have induced plaintiff's late filing. Undisputed testimony establishes that seven months prior to the statute's tolling plaintiff's attorney had his client's permission to file suit, that Koyanagi knew this, and that Koyanagi wanted Del Rosario medically examined before ongoing settlement negotiations were concluded. The charged contingency forestalling plaintiff's legal action was this physical examination, and at Koyanagi's request[4] the attorney agreed to defer litigation until he received the report.

That plaintiff's attorney had some two months following the last alleged communication in which to file suit does not necessarily preclude his assertion of estoppel.[5]

---

[3] While an affidavit in opposition to a motion for summary judgment cannot be used as the basis for resolving a factual issue, it may be considered to ascertain whether an issue of fact is presented. *Cf.* Richards v. Midkiff, *supra* at 39.

[4] Plaintiff's attorney claims requests were made in August 1964, September 1964, and finally in December 1964 or January 1965.

The clash of evidence on this point makes a precise factual determination impossible and prompts a consideration of Koyanagi's and plaintiff's attorney's credibility, an improper matter for summary judgment resolution. State v. Midkiff, 49 Haw. 456, 459, 421 P.2d 550, 553 (1966).

[5] Worth noting is that in this "December 1964 or January 1965" negotiation, plaintiff's attorney testified that in arranging the medical examination he was to contact plaintiff and Koyanagi was to notify the doctor. Nowhere does the evidence indicate satisfaction of either promise,

A plausible inference[6] from the evidence is that the attorney fully expected a report prior to March 1, 1965. This inference and the issue of estoppel raised thereby must be resolved by the trier of fact.

Reversed and remanded for trial.

*John F. Zimmerman* (*Fong, Miho, Choy & Robinson* of counsel) for plaintiff-appellant.

*Wayne Kekina* (*Herbert K. Shimabukuro* with him on the brief, *Libkuman, Shimabukuro & Ventura* of counsel) for defendants-appellees.

---

### DISSENTING OPINION OF MARUMOTO, J.

I dissent. The sole question here is the existence or nonexistence of a genuine issue of material fact, the material fact being whether the actions of the adjuster of defendants' insurance carrier were such as to lull plaintiff's attorney reasonably into a feeling of security that the defense of statute of limitation would not be asserted.

The existence or nonexistence of that issue is determined by the same test which is applicable to a motion for directed verdict. *Chambers* v. *United States,* 357 F.2d 224 (8th Cir. 1966); *Fischer Construction Co.* v. *Firemen's Fund Insurance Co.,* 420 F.2d 271 (10th Cir. 1969).

That test is stated in *Brady* v. *Southern Railway Co.,* 320 U.S. 476, 479 (1943), as follows:

"When the evidence is such that without weighing

nor if one promise was conditioned on performance of the other.

Note, however, Chesapeake Homes, Inc. v. McGrath, 249 Md. 480, 489, 240 A.2d 245, 250 (1968); Valley Nat. Bank of Phoenix v. Electrical Dist. No. 4, 90 Ariz. 306, 317, 367 P.2d 655, 658 (1961); 3 Pomeroy, Equity Jurisprudence § 813 236 (5th ed. 1941).

6 Inferences drawn from the underlying facts alleged in the materials (affidavits and testimony) considered by the court in ruling on a motion for summary judgment must be viewed in the light most favorable to the party opposing the motion. Abraham v. S.E. Onorato Garages, 50 Haw. 628, 631, 446 P.2d 821, 825 (1968).

the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by non-suit, directed verdict or otherwise in accordance with the applicable practice without submission to the jury, or by judgment notwithstanding the verdict. By such direction of the trial the result is saved from the mischance of speculation over legally unfounded claims."

Another statement of the test appears in *Fischer Construction Co.* v. *Firemen's Fund Insurance Co., supra* at 275. There, it is stated that a directed verdict is justified if the proof is "so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion."

In this jurisdiction, the test is stated in *Carreira* v. *Territory,* 40 Haw. 513, 517 (1954), a case involving a question of negligence, as follows:

> "Where the facts are disputed and reasonable men might differ on the facts or the inferences which may be reasonably drawn from the facts, the question of negligence is left to the jury under proper instructions; but where there is no conflict from the evidence and but one inference can be drawn from the facts, it is the duty of the court to pass upon the question of negligence and proximate cause as questions of law."

That test has been reiterated in *Young* v. *Price,* 47 Haw. 309, 313, 388 P.2d 203, 206 (1963), *rehearing* 48 Haw. 22, 24, 395 P.2d 365, 367 (1964).

In this case, the circuit court granted defendants' motion to dismiss, stating that plaintiff's attorney "was not lulled into security," and that it "would like to make it * * * eminently clear that [the attorney] was remiss in not filing his complaint in time."

Without going into the details of the showing made at the hearing on the motion to dismiss, I think that the proof was so overwhelmingly preponderant in favor of the de-

fendants as to permit no other rational conclusion than that reached by the circuit court.

That the failure of plaintiff's attorney to file the complaint in a timely manner was not due to being lulled into a feeling of security that the statute would not be asserted is evident from the fact that the filing was done on March 2, 1965, one day after the statute had run; from the attorney's statement in his affidavit that, after his last discussion with the adjuster in the first week of January 1965, two months before the expiration of the period of limitation, he "was out of state for a period of three weeks and on the return thereof involved in his legislative duties"; and from his testimony that "in March 2nd we realized that the statute had run and filed the action on March 2, 1965."