WILLIAM M. PAI, Plaintiff-Appellant *v.* FIRST HAWAIIAN BANK, Executor under the Will and of the Estate of Chung Kun Lee, Deceased, and DANIEL LEE, Defendants-Appellees

NO. 5757

APRIL 26, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* This is an appeal from a summary judgment granted by the trial court in favor of the defendants (appellees or vendors) in an action instituted by the plaintiff (appellant or buyer) seeking specific performance of an agreement of sale of realty and accounting. We reverse.

The question for resolve is whether the trial court erred in granting a summary judgment to appellees on the record in this case.

Upon a review of the record, we are of the opinion that it was improper for the trial court to grant the summary judgment to the appellees. *Del Rosario v. Kohanuinui,* 52 Haw. 583, 483 P.2d 181 (1971). The sparse record herein leaves several questions unresolved: for example, but without limitation, (a) whether the collections of rental by the vendors were sufficient to pay for the payments, including the balloon payment, required of the buyer in the agreement of sale; (b) what actions, if any, taken by the vendors constitute a termination of the agreement of sale; (c) under the terms of the agreement of sale did the vendors have the power to terminate the agreement of sale or was any such power necessary; (d) would a proper termination of the agreement of sale foreclose appellant's right to an accounting; (e) what relevant

period of time did appellant reside in Honolulu? Thus, the record shows that this is not a suitable case for disposition on summary judgment.

Clearly, if the appellant is not foreclosed, an accounting is necessary to determine the correctness of appellant's allegation that there were sufficient moneys in rental collections and other moneys paid by the appellant to the deceased vendor and co-vendors to make the payments required in the agreement of sale.

Under the terms of the agreement of sale we have no doubt that the rental moneys belonged to the appellant and the collection and retention of the rental moneys by the vendors constituted payment by appellant to the vendors and must be applied to the sums required in the agreement of sale.

We express no opinion, however, on all the other issues involved herein and reserve our decisions thereon on a more complete record.

We, therefore, remand for further proceedings in accordance with this opinion.

*Robert M. Ehrhorn, Jr. (Okumura and Takushi* of counsel) for plaintiff-appellant.

*James T. Leavitt, Jr. (Hart, Leavitt and Hall* of counsel) for defendants-appellees.