## L. B. KERR *vs.* HYMAN BROTHERS.

### DAMAGE.   BEFORE MCCULLY, J.

### JANUARY TERM, 1882.

Where a party has obtained judgment on demurrer on some of his grounds, he is not barred from presenting grounds overruled in the first demurrer, in another demurrer to an amended complaint.

In a suit for damages in the nature of malicious prosecution, the party injured, and not his assignee in bankruptcy, is the proper plaintiff.

The complaint, in an action for malicious prosecution, held to sufficiently traverse the facts which led to the prosecution now claimed to have been malicious.

### DECISION OF MCCULLY, J., ON DEMURRER.

Upon the first point in demurrer, that this action should be brought by the assignees:   This was made in the former demurrer to the former case and was passed upon by Chief Justice Judd, hearing that case.   And this is now claimed to make it *res judicata.*   That ground was overruled.   But upon other grounds the demurrer was sustained.   *Cui bono* should the defendant take an appeal when he had obtained his ruling?   At the best the Appellate Court could only sustain the ruling of the Court below, and if it pleased to consider only the grounds on which it had already been found good, it might do so and disregard the other which had been overruled, leaving that without final adjudication, or it might reserve the decision as to the points sustained and concur in the previous opinion respecting the overruled point, whereby the party winning below would have lost his case from the necessity of appealing to secure a final decision on a naked principle of law.   It seems to me that where a party has obtained his judgment on some of his grounds he does not bar himself from presenting the grounds overruled, though not appealed from, in another demurrer to an amended complaint.

Our statute of bankruptcy, Section 977 of the Civil Code, provides that the assignees shall have full power to sue for and collect debts due to the bankrupt. They may also bring any other suit in their own name, which has for its object the money of any portion of the bankrupt's *estate*.

The plaintiff's action is brought for injuries resulting to him from a suit commenced against him by an attachment, based on an affidavit which is alleged to have been false, by which suit another creditor was induced to throw him into bankruptcy.

The word *debts* is given the broadest latitude in these statutes, including, as in its popular sense, all that is due to a man under any form of obligation or promise; *Lathrop vs. Reed,* 13th Allen; but this would not include contingent debts, executory covenants, guarantees and the like. *Bangs vs. Lincoln* 10 Gray 600. It would include, as in *Hancock vs. Coffyn,* 8 Bing. 358, cited by counsel, claim for the insolvent's property wrongfully distrained, and as against the estate a claim for unliquidated damages resulting from the failure to sell and deliver goods, as in *Lathrop vs. Reed,* cited above, but where the claim was for recovery of damages for conversion of goods in an action of tort for trespass, the damage for the conversion of the goods was separated from the damage of the tort, the former being held to be a claim in bankruptcy which was barred by discharge and the latter was not. *Bickford vs. Barnard,* 8 Allen, 314.

The use of the word "property" in the declaration must not lead us aside from the plain purport of the whole complaint, which does not charge that the goods, chattels or estate of the plaintiff had been taken, diminished or injured, for which his assignees might bring action, but that he has suffered an injury, which may be estimated in damages, by the malicious application of certain civil process. In my view the assignees could not bring this action.

The second point of demurrer is that the declaration does not negative the allegation of the defendant in his attachment suit. The allegation in that suit is that "the defendant is secreting his property and disposing thereof or colluding so to do."

The traversing words are that he "was not secreting his property or any part thereof, or disposing thereof, or any part thereof, dishonestly or improperly or fraudulently or colluding so to do." The three qualifying adverbs, *dishonestly, improperly* and *fraudulently,* must be held to belong only to the word *disposing.* The word *disposing* in the statute must be taken in connection with the words *secreting* and *colluding.* These words carry the significance of fraud, and *disposing* in connection with them must intend a fraudulent disposition—secretly and collusively disposing of. A merchant is always disposing of his goods. It was necessary in denying the fraudulent act charged by the words secreting and colluding, to qualify the word disposing as above. This plaintiff purchased goods of this defendant, in order to dispose of them, and he cannot make affidavit that he is not doing what it was his right and business to do, and what the defendant expected him to do.

I hold, therefore, that the traverse made herein is a traverse of the statute allegation taken together, as the defendant made it in the original suit. It is further argued in the demurrer that the defendant having followed the statute form is not liable for damages resulting. This would forbid all suits for malicious abuse of process.

The demurrer is overruled.