*E. C. Peters* for defendant.

---

# KAUHA (k) AND UPAI (w) *v.* PALOLO LAND & IMPROVEMENT COMPANY, LIMITED, A CORPORATION.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 21, 1910.        DECIDED SEPTEMBER 28, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

LIMITATION OF ACTIONS—*injuries to land.*

Act 113 S. L. 1907, limiting to one year the time for bringing actions for physical injuries to land, repeals Sec. 1971 R. L., as to such limitations of time, by implication.

OPINION OF THE COURT BY DE BOLT, J.

On June 7, 1910, plaintiffs filed their declaration claiming actual damages against defendant in the sum of $1500 for a trespass *quare clausum fregit,* laid with a continuando.

The injury complained of is alleged to have occurred on March 12, 1909, more than one year prior to the filing of the declaration, which alleges that defendant, on the date last mentioned, "broke and entered the land of plaintiffs and did then and there injure the close of plaintiffs by depositing and causing to be deposited thereon large quantities of water, rubbish, earth and stones, thereby rendering the land of plaintiffs unsuitable for cultivation and did then and there tear down and cause to be torn trees, crops, shrubs and plants thereon planted and growing, and did break, fill up and utterly destroy and cause to be broken, filled and utterly destroyed, irrigation ditches which have been dug and placed thereon by plaintiffs at great cost and expense to plaintiffs, and did undermine and cause to be undermined plaintiffs' land located within said close."

Defendant interposed a demurrer to the declaration on the ground that the action "is barred by limitation of time by reason and under the provisions of Act 113 of the Session Laws of 1907." The demurrer was sustained and plaintiffs excepted.

Act 113 provides that "Actions for the recovery of compensation for damage or injury to persons or property must be instituted within one year next after the cause of action accrues, and not after." Prior to this enactment the time within which "actions for trespass upon lands" could be commenced was limited to six years next after the cause of action accrued. (Sec. 1971 R. L.)

Act 113 does not purport to repeal Sec. 1971 R. L. We held, however, in *Garcia v. Kekaha Sugar Co.* (ante p. 170), which was an action for personal injuries, that Act 113 applied, and that the action was barred because not brought within one year next after the date on which the injury complained of occurred. The reasons which justified the court in its conclusion in that case are equally applicable in the case now be-

fore us, namely, that these enactments, as to the time within which such actions must be instituted, cannot be harmonized; that they are inconsistent with and repugnant to each other; that they cannot stand together; and that Act 113, being the last expression of the legislature upon the subject, prevails. Therefore, Sec. 1971 R. L., as to the time within which actions for the recovery of compensation for damage or injury to persons or property must be instituted, is repealed by necessary implication.

Plaintiffs contend, however, that these enactments can stand together as regards the action of trespass *quare clausum fregit,* and that while the later enactment is "inclusive of all cases therein mentioned," it does not include or apply to actions of this character. They argue that Act 113 applies only to cases in which the gist of the action is damage or injury to persons or property, and that it does not apply to an action of trespass *quare clausum fregit,* which is primarily a possessory action, the gist of which is the disturbance of the possession, and that whatever is done after the breaking and entering is but an aggravation of damages. Whatever force, if any, this argument might have in a case involving the sole question of a disturbance of the possession, we need not say at this time. In the case at bar in addition to such damage as may be implied by the mere breaking and entering of the close, the declaration shows an actual and physical injury to the property itself, and plaintiffs emphasize this phase of the case by the facts set forth in the declaration, as well as by claiming substantial damages in the sum of $1500. The main object of the action is to recover compensation for the physical injury to the land.

Plaintiffs also contend that the declaration shows a continuing trespass. We do not concur in this view. The facts alleged show that the trespass consisted of a single tortious act upon the land, and that the injury is permanent and not continuing in its nature.

Kauha v. Palolo Land & Improvement Co., 20 Haw. 237.

The facts as disclosed by the declaration bring the case within the provisions, of Act 113. Therefore, in our opinion, the demurrer was properly sustained.

The exception is overruled.

*Kinney, Ballou, Prosser & Anderson* for plaintiffs.
*Castle & Withington* for defendant.