## No. 10,957.

## BURKE *v.* BOULDER MILLING AND ELEVATOR COMPANY, ET AL.

Decided April 6, 1925.   Rehearing denied May 4, 1925.

### Action in replevin.   Judgment for defendants.

### *Reversed.*

1.  SALES—*Option.* If a warehouseman has an option to pay for grain at a price which is definite or capable of being made definite, or return it to the owner, the transaction is a sale.

2.  WAREHOUSEMEN—*Grain—Contract.* A contract on the part of a warehouseman to return bailed grain on demand implies a contract to keep on hand a sufficient supply.

3.  SALE—*Defined.* A sale in the ordinary sense of the word, is a transfer of property for a fixed price in money or its equivalent.

4.  WORDS AND PHRASES—*Debt.* A debt means a fixed and certain obligation to pay money or some other valuable thing either in the present or in the future.

5.  BAILMENT—*Sale.* If the owner of goods deliver them to another with the understanding that there is to be no sale until the happening of a certain condition, this is a bailment and does not pass title until and unless the condition happens.

6.  SALE—*Bailment.* Where the owner of wheat delivered it to a milling company with the understanding that it would settle with him at a date and price to be fixed by him. or at its election return him grain of the same quantity and quality, the transaction constituted a bailment and not a sale.

*Error to the District Court of Boulder County, Hon. George H. Bradfield, Judge.*

Mr. O. A. JOHNSON, Mr. GUY D. DUNCAN, for plaintiff in error.

Messrs. McHARG & KELLY, Messrs. BARTELS & BLOOD, Mr. HAROLD H. HEALY, for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as plaintiff, defendant in error the Boulder Milling and Elevator Company (of which defendant in error C. W. Rowland was President) as the mill, and defendant in error Colorado National Bank of Denver, as the bank.

Plaintiff permitted the mill to take some of his wheat, which wheat he thereafter replevined and sold. On final hearing he was nonsuited and the bank, having succeeded to the rights of the mill, had judgment. To review that judgment plaintiff brings error.

The mill needed this wheat for milling purposes, and attempted to buy it, but plaintiff refused to sell. It was thereafter agreed that the mill might take the wheat and settle with the owner at a date and price to be fixed by him, or, at its election, return him grain of the same quantity and quality. Within a few days after procuring the last of the wheat in controversy the mill closed and plaintiff brought this action. The bank intervened, claiming the grain on warehouse receipts. Before trial the mill was adjudged a bankrupt, and a trustee was appointed and substituted herein. It is admitted that the rights of the mill, as against plaintiff, have passed to the bank, hence this dispute is between the two last named parties.

The only question for our determination here is whether plaintiff's transaction with the mill was a sale or a bailment. If a sale, as the trial court held, the judgment must be affirmed; if a bailment, it must be reversed.

If the option to pay for grain at the market price or return the grain is with the warehouseman the transaction is a sale. 3 R. C. L. p. 75 § 6; *Savage v. Salem Mills Co.,* 48 Or. 1, 85 Pac. 69, 10 Ann. Cas. 1065; *Cloke v. Shafroth,* 137 Ill. 393, 27 N. E. 702, 31 Am. St. Rep. 375; *Barnes v. McCrea,* 75 Ia. 267, 39 N. W. 392, 9 Am. St. Rep. 473;

*Bonnett v. F. & G. S. Ass'n.*, 105 Kan. 121, 181 Pac. 634; *Finch v. McClellan*, 77 Ind. App. 533, 130 N. E. 13, 131 N. E. 236.

In each of these, and in practically every authority brought to our attention, the contract was for "market price", or "current price", or "highest market price". Whatever the language the price is always definite or capable of being made definite. It is such a price payable at the option of the dealer which fixes upon the transaction the character of a sale.

Counsel for the bank insist that the mill's right of consumption is a determining factor. This is contrary to some of the foregoing authorities and others. *Backus v. Lawbaugh*, (La.) 86 N. W. 298, 89 N. W. 26; *Skinner v. State*, 97 Ga. 690, 25 S. E. 364.

The cases which seem to make it an essential of a bailment of grain that the warehouseman keep on hand a sufficient supply to make good the deposit are misleading. *Bonnett v. F. & G. S. Ass'n., supra; Rice v. Nixon*, 97 Ind. 97, 49 Am. Rep. 430. If such were the rule one party by merely violating the contract could escape his legal obligation. A contract to return the bailed grain on demand implies a contract to keep on hand a sufficient supply.

A sale, in the ordinary sense of the word, is a transfer of property for a fixed price in money or its equivalent. *Iowa v. McFarland*, 110 U. S. 471, 4 Sup. Ct. 210, 28 L. Ed. 198. The price must be determined or, under the contract, be capable of being determined. It must be paid or a debt for it created. "A debt is a legal liability to pay a specific sum of money." *Allen v. Dickson*, 1 Minor (Ala.) 119, 120. "A debt means a fixed and certain obligation to pay money or some other valuable thing or things either in the present or in the future." *Appeal of City of Erie*, 91 Pa. 398, 402. In strict law language the sum due must be certain, but in the common understanding of the term it is enough if it is capable of being made certain. *Fisher v. Consequa*, Fed. Cas. No. 4816, 2 Wash. C. C. (U. S.) 382.

This contract before us did not call for market price or

any other price. The sum whose payment would relieve the mill of its obligation to return the wheat rested entirely with plaintiff. It was neither definite, nor capable of being made definite. For that reason the transaction created no debt as above defined.

The understanding was that there was to be no sale until such time as plaintiff demanded a price satisfactory to the mill. If that condition did not arise (and plaintiff had it in his power to see that it did not) the mill was obliged to return the wheat. "If the owner of goods deliver them to another with the understanding that there is to be no sale until the happening of a certain condition, this is a bailment, and the title does not pass until and unless the condition happens." *Furst v. Commercial Bank,* 117 Ga. 472, 475, 43 S. W. 728.

Moreover, the option was only apparently with the mill; in reality it was with plaintiff. Neither custom, market, nor reason controlled him. He might so fix the price as to compel return of the wheat; hence his right, under the admitted facts, to force the return of the grain was absolute, and under all the authorities this was no sale but a bailment.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.