# CHIN KEE *v.* KAELEKU SUGAR COMPANY, LIMITED.

## No. 1757.

SUBMITTED JUNE 29, 1927.    DECIDED AUGUST 30, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

On the 8th day of April, 1925, the plaintiff brought suit against the defendant on a complaint alleging a trespass *quare clausum fregit*. The trespass was alleged to have been committed on or about the 10th day of De-

cember, 1923. The allegations of the complaint stated a case of simple trespass merely, entitling the plaintiff, if he recovered at all, to only actual or compensatory damages. The actual or compensatory damages were laid in the sum of $500. It was also alleged in the complaint, however, that the plaintiff had been damaged in the sum of $3500. Upon the trial of the case the circuit judge, by written instruction, submitted to the jury the question whether, under the evidence, the plaintiff was entitled to recover punitive damages in addition to compensatory damages. The jury returned a verdict in favor of the plaintiff for $1,729.50, which was considerably in excess of the actual damages claimed by the plaintiff. Upon appeal to this court by the defendant it was held that inasmuch as under the complaint the plaintiff was only entitled to recover actual or compensatory damages, the submission of the question of punitive damages to the jury was error and, inasmuch as the verdict was for a sum in excess of the actual or compensatory damages claimed by the plaintiff, the verdict and judgment should be set aside and the case remanded for further proceedings. (*Chin Kee* v. *Kaeleku Sugar Company, Limited*, 29 Haw. 524.)

After the remand of the case, and on the 29th day of January, 1927, the plaintiff asked leave of the trial court to file an amended complaint. The proposed amended complaint is in substance the same as the original complaint, except that, in addition to alleging that the trespass was committed "forcibly" it alleges that it was committed "willfully, maliciously and in wanton disregard of and contrary to the rights of plaintiff." The defendant objected to the allowance of the amendment on the ground, among others, that it stated a new cause of action not included in the *lis pendens* and was therefore barred by the statute of limitations of two years.

The circuit judge sustained the objection and disallowed the amendment for the reason above given. The plaintiff reserved an exception to this ruling and has brought the case here for review on an interlocutory bill of exceptions.

In deciding the question presented we must consider Section 2360, R. L. 1925, which relates to the amendment of pleadings; and Section 2645, which relates to the limitation of actions for damages to person or property. The former section is as follows: "Whenever a plaintiff in an action shall have mistaken the form of action suited to his claim, the court or judge, on motion, shall permit amendments to be made on such terms as it or he shall adjudge reasonable; and the court or judge may, in furtherance of justice and on the like terms, at the trial or on appeal, or at any other stage, before or after judgment, allow any petition or pleading or process or proceeding to be amended by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleadings or the proceedings to the facts proved." The latter section is as follows: "Actions for the recovery of compensation for damages or injury to persons or property must be instituted within two years after the cause of action accrued, and not after."

This is not a case where leave is asked to amend a complaint by conforming its allegations to the facts proved, but is a case where leave is asked to amend a complaint before any evidence is introduced. If, therefore, the amendment is allowable at all, it is allowable under that part of the statute which authorizes amendments "by inserting other allegations material to the

case." It appears from the statute itself that amendments of this kind are authorized "in furtherance of justice." We understand this to mean that if the amendment is necessary to a full presentation of the case, whether on the part of the plaintiff or the defendant, the amendment should be allowed. It is conceded by the defendant that if the amended complaint had been offered within two years after the alleged trespass it would have been allowable. The trespass, however, is alleged to have been committed on or about December 10, 1923, and the amended complaint was not offered until January 29, 1927, more than two years later. The defendant's contention is that the amended complaint, by alleging that the trespass was committed "willfully, maliciously and in wanton disregard of and contrary to the rights of plaintiff" states a new and different cause of action from that alleged in the original complaint, wherein only the "forcible" entry of the defendant upon the plaintiff's premises was alleged, and that this new and different cause of action, not having been begun within the two year period provided by the statute, is barred.

As broad and generous as the amendment statute is, it cannot be denied that it does not contemplate the introduction into the case of a new and independent cause of action against which the statute of limitations has run, although this same cause of action might have been included in the original complaint. To place this construction on it would be to nullify the limitation of actions statute. It, however, is broad enough in its terms to authorize an amendment which alleges some additional fact connected with and a part of the transaction which formed the basis of the original suit, although the amendment requires for its proof evidence that would not have been relevant to nor even admissible under the allegations of the original complaint.

Such an amendment does not inject into the case a new and independent cause of action, but simply restates the original cause of action with additional circumstances under which it arose, and which, if proven, would enlarge the amount the plaintiff could recover for the wrong already complained of. Amendments of this sort relate back to the commencement of the suit and are not forbidden by the statute of limitations. That is precisely what was done in this case. The cause of action alleged in the original complaint was a trespass *quare clausum fregit*. The description of the trespass showed that it was of that character which only entitled plaintiff to compensatory damages. The amendment alleges the same trespass, but so describes it as to show that it was committed in a manner that entitled the plaintiff not only to compensatory damages but to punitive damages as well. There were not two causes of action involved in the trespass—one for compensatory damages and another for punitive damages— but only one trespass. On account of this trespass, under sufficient allegations and upon sufficient proof, the plaintiff could recover whatever damages he had sustained, whether compensatory or punitive. If he had in the beginning brought two suits, one for compensatory damages and another for punitive damages, he would have split up his cause of action, which is not allowable. Also, it is a rule of pleading that a count in a complaint shall state only one cause of action, otherwise it is demurrable for duplicity. If the original complaint in this case had been the same as the amended complaint which was offered and a demurrer had been interposed to it on the ground that it stated in one count two causes of action—one for compensatory damages and the other for punitive damages —the demurrer could not properly be sustained. The complaint would have stated only one cause of action

on account of which the plaintiff would have been entitled, upon sufficient proof, to recover both compensatory and punitive damages. Moreover, a recovery upon the complaint as originally filed would be a complete defense to another action brought on a complaint containing the allegations of the amended complaint.

The question of amendments and their relation to the statute of limitations has been the subject of much judicial discussion. Many opinions have been written expressing variant views and reciting various circumstances under which the question has arisen. It would be a laborious and unnecessary task to review all the cases. It suffices to say that it is generally thought by judicial and text writers that a material amendment to a complaint that does not state a new and independent cause of action but merely pleads a fact or facts that were a part of the cause of action already sued on relates to the commencement of the suit and is not affected by the statute of limitations.

The principle is nowhere more clearly or satisfactorily stated than in *Union Pacific Railway Co.* v. *Wyler*, 158 U. S. 285, where the court, speaking through Mr. Justice White, said at page 296: "The general rule is, that an amendment relates back to the time of the filing of the original petition so that the running of the statute of limitations against the amendment is arrested thereby. But this rule, from its very reason, applies only to an amendment which does not create a new cause of action. The principle is, that, as the running of the statute is interrupted, by the suit and summons, so far as the cause of action then propounded is concerned, it interrupts as to all matters subsequently alleged, by way of amendment, which are part thereof. But where the cause of action relied upon, in an amendment, is different from that originally

asserted, the reason of the rule ceases to exist, and hence the rule itself no longer applies".

The defendant's objection that the amended complaint does not specify the acts indicating the willfulness, malice or wantonness of the defendant is not well taken. It is sufficient to allege that the trespass was committed "forcibly, willfully, maliciously and in wanton disregard of and contrary to plaintiff's rights." The acts indicating the willfulness, malice and wantonness are mere matters of evidence which need not be pleaded.

Nor is the objection that the amended complaint fails to allege that the defendant, a corporation, as principal participated in or ratified the malicious or wanton acts committed by its servants well taken. By the allegations of the amended complaint the plaintiff assumed the burden of proving whatever, under the law, is requisite to the defendant's liability, just as completely as though he had alleged that the acts of its agents and servants were authorized or ratified by it.

The exception is sustained.

The ruling of the lower court is reversed and the case is remanded with instructions to allow the proposed amendment.

*E. Vincent* for plaintiff.

*H. Edmondson* for defendant.