CULLEN v. TOLLEY et al.

No. 32769.   July 1, 1947.

Rehearing Denied Sept. 30, 1947.

*184 P. 2d 797.*

C. R. Thurlwell, of Tulsa, for plaintiff in error.

T. D. Evans, of Tulsa, for defendants in error.

CORN, J. This is an appeal by defendant from a judgment in an action for specific performance of a contract to convey real property.

May 16, 1945, plaintiffs and defendant entered into the following contract.

"Contract for Sale of Real Estate"

"This Contract Made This 16th. Day of May, 1945 By And Between Fred J. Tolley and Ford D. Carpenter, hereinafter called 'buyer' and Malcolm Cullen, a single man, hereinafter called the seller:

"Witnesseth:

"That the said seller agrees to sell to the said buyers the following described real estate, to wit:

"Property: Northwest Quarter (NW¼) of the Northwest Quarter (NW¼) Section Eight (8), Township Eighteen (18) North, Range Thirteen (13) East, Tulsa County, Oklahoma, subject

"Exception: always to highways on the North and West and there is excepted from said real estate one acre located in the Southwest corner of the above land which is 16 rods East and West and 10 rods North and South, the sale of which one acre is duly of record.

"Mortgage: This said land is to be sold subject to one certain real estate mortgage duly of record in the principal sum of Four Thousand ($4000.00) Dol-

lars which is duly recorded in Book 1602 Page 537 records of Tulsa County, Oklahoma, and for the purpose of this contract the mortgage may be regarded as Thirty-Five Hundred ($3500.00) Dollars unpaid principal there having been paid Five Hundred ($500.00) Dollars on said principal.

"Interest: Interest is paid on the said mortgage up to November 1, 1944, and the said seller is to pay the interest up to the date of the delivery of the deed to the said buyer.

"Taxes: Taxes are paid to and including year 1944. Buyer is to pay all subsequent taxes.

"Price: The total selling price of this property is the sum of Seventy-Five ($7500.00) Hundred Dollars and the said Seller is to be permitted to hold possession of the real estate and have the crops and rentals therefrom up to the 1st day of December, 1945 at which time he is to surrender possession of said land and improvements to the buyers.

"Terms: The terms of this sale are as follows:

Assumption of the mortgage $3500.00 Balance which is payable in cash thirty (30) days from the date of the contract 4000.00

"Down Payment: Of the above $4000.-00 part of the purchase price the sum of Two Hundred ($200.00) Dollars is this day paid in cash.

"Abstract: Abstract of title had been furnished the buyers for the purpose of examination and the abstract is to be returned to the holder of the mortgage on said premises.

"Insurance: In the case of any fire, tornado or other insurance on said place said buyers are to pay the said seller for any unexpired insurance at the time of the delivery of the deed.

"Time is of the essence of this contract and a failure for thirty (30) days on the part of either party to perform any of his part of the contract shall void this contract."

June 23, 1945, plaintiffs brought this action to enforce specific performance of the contract, alleging that plaintiffs at all times had been willing and able to perform under the contract, but defendant had repudiated the contract and refused to complete the sale; that because of defendant's refusal to perform they were not required to make tender; that the contract failed to specify that, time being of the essence, the party not in default should have the option of avoiding the contract, and asked reformation of the contract to show this.

Plaintiffs then asked judgment requiring defendant to convey the premises by warranty deed, upon payment of the consideration, and, upon default by defendant, the court direct the sheriff to execute a warranty deed to plaintiffs.

By answer defendant denied the agreement was a contract to sell the property or that plaintiffs had paid or tendered any money; and alleged that the contract expired by its own terms without anything having been done thereunder. Further, that the contract was indefinite and did not require him to execute any deed; that he had tendered back to plaintiffs the checks given as down payment, same not having been indorsed. The allegations of the answer were denied by plaintiffs' reply. The cause was tried to the court.

Defendant admitted ownership and possession of the property, and the execution of the contract, and that he had received the checks tendered as down payment; also, that he had refused to perform under the terms of the contract.

Plaintiffs' evidence, elicited in part from the defendant, was that they were at all times ready to perform and did some work on the property; that they tried constantly to find defendant and close the deal with him during the 30 days, but were unable to find him until after the 30-day term expired and defendant advised them the contract was not good and he did not intend to abide by the terms, since he had a better offer

and would not abide by the contract unless paid an additional sum. Other testimony of a cumulative nature was presented by plaintiffs, and was not controverted by defendant.

At the close of the evidence defendant demurred on the grounds that the evidence failed to make out a case for specific performance; that the contract was void for lack of mutuality and was only an option contract. Defendant's attorney stated that this was defendant's entire case, and argued the matter upon this basis, without the introduction of evidence by defendant.

Judgment was rendered for plaintiffs. Upon presentation of motion for new trial the court again considered defendant's contention that the contract was lacking in mutuality. However, the trial court overruled the motion, holding the contract good, upon the theory that where there is a promise to sell, it is unnecessary for there to be an express promise on the other side, it being sufficient that such promise can be implied from a fair construction of the agreement.

Judgment was entered directing defendant to execute a proper deed and upon tender thereof plaintiffs were to pay him $3,800 plus $200 represented by the checks given defendant, together with any amounts he had paid on the mortgage indebtedness, the judgment to operate as a conveyance in the event of defendant's failure to execute the deed.

In seeking reversal of the judgment three contentions are presented: The first is that to entitle plaintiffs to specific performance it was necessary to allege and prove performance of all conditions required by the contract, or an offer or tender in court to do so. The argument is that there was never any performance by the plaintiffs as would require the court to enforce specific performance, there being no unconditional tender of the purchase price, offer to assume the mortgage, or to sign any agreement relative thereto.

This contract reflects that plaintiffs unqualifiedly agreed to assume the mortgage indebtedness. Where a vendee expressly assumes payment of a mortgage on property he cannot deny the existence of the mortgage, the indebtedness or amount thereof, or question the consideration. Schuber v. McDuffee, 67 Okla. 160, 169 P. 642; Continental Life Ins. Co. v. Phillips, 170 Okla. 34, 38 P. 2d 564. Having expressly contracted to assume the mortgage there is no substantial merit to defendant's contention that plaintiffs failed to assume the mortgage or sign an agreement relative thereto.

The record reflects that at all times following the first ten days after execution of the contract, plaintiffs were ready and able to complete performance by paying the balance due, but defendant evaded plaintiffs, or at least did not accept their offers to close the deal, and finally rejected the contract entirely. Defendant's attorney admitted that, at all times after execution of the agreement, defendant refused to perform according to the terms thereof.

In 49 Am. Jur. §144, Specific Performance, the rule in such cases is stated as follows:

" . . . It is clear that a tender is unnecessary if the defendant repudiates the contract before suit, or it appears that he would have refused the tender if it had been made. An actual tender by the plaintiff is unnecessary when, from the acts of the defendant, or from the situation of the property, it would be wholly nugatory. If the defendant puts himself in an attitude of default, resists the performance, and insists he is not bound by the contract, tender to him is unnecessary. It could serve no purpose so far as he is concerned and would be mere formality. Equity does not insist on purposeless conduct, and disregards mere formalities . . ." See Moore v. Crawford, 130 U. S. 122, 32 L. Ed. 878, 9 S. Ct. 447.

Defendant relies upon decisions to the effect the purchaser is not entitled to specific performance unless, prior to fil-

ing his action, he has done everything necessary to give him the right to demand a deed without anything further being done on his part. Craig v. Chisholm, 183 Okla. 398, 82 P. 2d 986. This rule is clearly inapplicable when, as in this case, the vendor at all times subsequent to execution of the contract refuses to perform despite the purchaser's readiness to complete the transaction.

The second contention is that where a contract is optional as to one party so that a decree would be ineffectual in compelling performance by the other party (optionee), specific performance will not lie in favor of a party not bound. See syllabus 3, Lima Oil & Gas Co. v. Pritchard, 92 Okla. 113, 218 P. 863. Also relied upon are decisions to the effect the right to perform must be mutual and the right to enforce likewise must be mutual, and that specific performance will not be granted in favor of a party whose obligation under the contract is only optional. Owens v. Wilson, 135 Okla. 38, 273 P. 875.

The authorities relied upon by defendant are cases wherein one party clearly retained an option as to performance. We find no such condition herein, and defendant does not point out wherein plaintiffs were given an option.

The last contention is that the contract is uncertain and indefinite in the material part of its terms, it being contended that defendant never agreed to make any conveyance, and there was no provision as to the form of any conveyance he might make.

The contract was for sale of the land. A sale is defined as a contract whereby property is transferred from one person to another for valuable consideration, implying the passing of the general and absolute title as distinguished from a special interest falling short of complete ownership. Black's Law Dictionary, Deluxe Ed., p. 1576; Inland Refg. Co. v. Langworthy, 112 Okla. 280, 240 P. 627; Burke v. Boulder Milling & Elevator Co., 77 Colo. 230, 235 P. 574, at 575.

We conclude the contract was neither lacking in mutuality nor void as being optional.

Judgment affirmed.

HURST, C. J., DAVISON, V.C.J., and BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur.