Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000236
30-NOV-2022
10:08 AM
Dkt. 49 SO

NO. CAAP-18-0000236

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NELSON BARRY GUYER, Plaintiff-Appellant,
v.
NATIONSTAR MORTGAGE LLC; FEDERAL NATIONAL
MORTGAGE ASSOCIATION, Defendants-Appellees,
and
DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 16-1-0631(1))

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and McCullen, JJ.)

In an appeal arising out of an action for return of
title and possession and wrongful foreclosure, concerning the
nonjudicial foreclosure sale of the leasehold interest in an
apartment, Plaintiff-Appellant Nelson Barry Guyer (**Guyer**) appeals
from the (1) "Final Judgment" entered on March 21, 2018 and (2)
"Order Granting Defendants Nationstar Mortgage LLC's and Federal
National Mortgage Association's Motion for Summary Judgment"
entered November 1, 2017 (**Order Granting MSJ**), entered by the
Circuit Court of the Second Circuit (**Circuit Court**).[1]

On appeal, Guyer asserts the Circuit Court erroneously
granted summary judgment for Defendants-Appellees Nationstar

---

[1]  The Honorable Rhonda I.L. Loo presided.

Mortgage LLC (**Nationstar**) and Federal National Mortgage Association (**Fannie Mae**): 1) by concluding the wrongful foreclosure claim was barred by either the two-year statute of limitations under Hawaii Revised Statutes (**HRS**) § 657-7 (2016)[2] or the six-year statute of limitations under HRS § 657-1(4) (2016);[3] 2) by concluding that the time for Guyer to file the wrongful foreclosure claim was triggered on September 28, 2010 or, at the latest, on November 29, 2010; and 3) because a twenty-year statute of limitations under HRS § 657-31 (2016)[4] applied to his claim to recover possession of the property at issue or equitable damages.

## I.  Brief Background

After Guyer was assigned a leasehold interest in an apartment located in Lahaina, Maui (**Property**), he executed a note and mortgage (**Mortgage**) in connection with the Property, granting the mortgagee a power of sale.  The Mortgage was later assigned to Nationstar.  In 2010, Nationstar exercised its power of sale and purchased the Property at public auction.  The parties do not dispute that on March 30, 2011, Nationstar assigned the leasehold interest in the Property to Fannie Mae, and that nearly a year later, Fannie Mae assigned the leasehold interest to Travis Bontorin (**Bontorin**).

---

[2]  HRS § 657-7 provides that: "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."

[3]  HRS § 657-1 provides, in pertinent part:

> **§ 657-1 Six years**. The following actions shall be commenced within six years next after the cause of action accrued, and not after:
>
> . . . .
>
> (4) Personal actions of any nature whatsoever not specifically covered by the laws of the State.

[4]  HRS § 657-31 provides: "No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within twenty years after the right to bring the action first accrued."

On December 28, 2016, Guyer initiated this action in the Circuit Court.  Guyer asserted two counts against both Nationstar and Fannie Mae: 1) return of title and possession of property (**Count I**) and 2) wrongful foreclosure (**Count II**).

In Count I, Guyer alleged, *inter alia*, that the assignment by Nationstar to Fannie Mae "unlawfully deprived [him] of the title, possession, and use" of the Property and was void under prior cases, not simply voidable, because Nationstar, as the foreclosing mortgagee, violated multiple provisions of the power of sale in the Mortgage and nonjudicial foreclosure statute regarding notice.  Guyer also asserted he had twenty years to bring a claim of title to or possession of the Property under HRS § 657-31.  Further, Guyer alleged that because the assignment from Nationstar to Fannie Mae was void, the assignment from Fannie Mae to Bontorin was likewise void and if title could not be restored to Guyer then he would be entitled to damages.

In Count II, Guyer alleged, *inter alia,* that the improper foreclosure and further assignment of the Property to Bontorin were part of a continuing tort against Guyer and fell within the six-year statute of limitations under HRS § 657-1(4) as measured from the date title or possession of the Property was lost; thus, Nationstar and Fannie Mae were liable to him for damages.

Nationstar and Fannie Mae asserted several defenses in response to the Complaint, including that the Complaint was barred by the applicable statute of limitations.

On July 25, 2017, Nationstar and Fannie Mae jointly filed a motion for summary judgment (**MSJ**), supported by a declaration of counsel and exhibits.  Nationstar and Fannie Mae argued that for an actionable claim, a plaintiff only needs factual knowledge of the necessary elements.  Thus, Guyer's claims accrued on September 28, 2010, when Nationstar recorded the "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" (**Notice of Sale**) or, at the latest, on November 29, 2010, the date the Notice of Sale stated the foreclosure sale would take place but which actually occurred on December 28, 2010.

The MSJ further argued that the two-year statute of limitations applied to tort claims and thus the wrongful foreclosure claim was barred.  The MSJ also argued Guyer's claims were barred by the six-year statute of limitations when calculating accrual from either September 28, 2010, or November 29, 2010.

Regarding Guyer's complaint allegation that a twenty-year statute of limitations applies to his claim for recovery of title and possession, Nationstar and Fannie Mae argue the twenty-year statute of limitations under HRS § 657-31 only applies to adverse possession cases, and not wrongful foreclosure cases.

In opposition to Nationstar and Fannie Mae's MSJ, Guyer argued that: 1) his claim for wrongful foreclosure was subject to at least the six-year statute of limitations because it pertained to an intangible and nonphysical injury to property; 2) the wrongful foreclosure claim accrued at earliest on January 10, 2011, when the "Mortgagee's Affidavit of Foreclosure Under Power of Sale" (**Foreclosure Affidavit**) was recorded; and 3) the twenty-year statute of limitations applies to real actions against the land, including foreclosures claiming recovery of title and possession.

On August 17, 2017, the Circuit Court held a hearing on the MSJ.  In the hearing, the Circuit Court ruled as follows:

> THE COURT: . . . The Court having had an opportunity to review the motion, the opposition, and the reply, the Court's going to grant Defendants' motion for summary judgment.
>
> The wrongful foreclosure claim accrued, at the latest, at the time of the auction on December 28, 2010 but more likely September 28, 2010, the notice of sale. The complaint was filed six years after the alleged improper foreclosure sale.
>
> As pled, Plaintiff's claim sounds solely in tort; therefore, Plaintiff's wrongful foreclosure claim is barred by the two-year statute of limitations pursuant to HRS 657-7.
>
> Even if the two-year limitations does not apply, the six-year statute of limitations under HRS 657-11 [sic] would bar Plaintiff's claims as well.

4

> Therefore, the Court's going to grant Defendants' motion for summary judgment, ask Ms. Ching to prepare the order on the matter.
>
> MS. CHING: Thank you, Judge.
>
> Could I have a clarification? Our argument was notice of sale, which was - - I just want to make sure I have the dates correct for accrual - - September 28th, 2010 or, at the latest, the date of the auction that did not occur, which was November 29, 2010.
>
> THE COURT: Correct. Sorry. Thank you for clarifying that for me.

The Order Granting MSJ and Final Judgment were entered thereafter.

## II.  Standard of Review

We review the grant or denial of summary judgment *de novo*.  See First Ins. Co. of Hawaii, Ltd. v. A & B Props., Inc., 126 Hawaiʻi 406, 413, 271 P.3d 1165, 1172 (2012) (citation omitted).  It is well-established that:

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. at 413-14, 271 P.3d at 1172-73 (citation omitted) (brackets in original).

## III.  Discussion

### A.  Applicable Statute of Limitations

Guyer first contends the Circuit Court erred in granting Nationstar and Fannie Mae's MSJ by concluding that the wrongful foreclosure claim was barred by either the two-year statute of limitations under HRS § 657-7 or the six-year statute of limitations under HRS § 657-1(4).

Guyer argues that his wrongful foreclosure claim is subject to at least a six-year statute of limitations under HRS § 657-1(4) rather than the two-year statute of limitations under

HRS § 657-7, because HRS § 657-7 does not govern a claim for wrongful foreclosure.

Nationstar and Fannie Mae argue that the two-year statute of limitations under HRS § 657-7 applies here because it concerns compensation for "injury to persons or property" and Guyer "seeks to recover monetary damages resulting from his loss of possession and use of the Property."

In Delapinia v. Nationstar Mortgage LLC, 146 Hawaiʻi 218, 224, 458 P.3d 929, 935 (App. 2020), affirmed in part, vacated in part, 150 Hawaiʻi 91, 497 P.3d 106 (2021) (**Delapinia II**), this court observed that:

> [t]he supreme court has interpreted HRS § 657-7 "to apply to 'claims for damages resulting from physical injury to persons or physical injury to tangible interests in property.'"  Gomez[ v. Am. Airlines, Inc., 111 Hawaiʻi 67, 70, 137 P.3d 381, 384 (2006)] (emphasis in original) (quoting Au[ v. Au, 63 Haw. 210, 216, 626 P.2d 173, 178 (1981)]). On the other hand, the supreme court has applied HRS § 657-1 to claims concerning a non-physical injury to an intangible interest of the plaintiff. Higa v. Mirikitani, 55 Haw. 167, 170-73, 517 P.2d 1, 4-6 (1973) (applying the six-year statute of limitations of HRS § 657-1(1) to a legal malpractice claim involving non-physical injury to an intangible interest).

Id. at 225, 458 P.3d at 936 (footnote omitted) (emphasis in original).  There, plaintiffs did not allege any physical harm to the subject property and instead asserted that the defendants had wrongfully deprived them of title to and possession of the subject property. Id. (citations omitted).  Therefore, as a nonphysical injury to their intangible interests, this court concluded that the plaintiffs' wrongful foreclosure claim was subject to the six-year statute of limitations under HRS § 657-1(4).  Id.

Here, as in Delapinia, Guyer did not allege any physical harm to the Property.  Instead, Guyer claims Nationstar and Fannie Mae caused a nonphysical injury to his intangible interest by wrongfully "depriv[ing him] of his possession, record title, and use of the Property[.]"  Thus, the six-year statute of limitations under HRS § 657-1(4) governs Guyer's claim for wrongful foreclosure.

## B.  Trigger for Limitations Period

Guyer next contends the Circuit Court erred in determining that the limitations period to file the wrongful foreclosure claim was triggered on September 28, 2010 or, at the latest, on November 29, 2010.  Guyer contends that for wrongful foreclosure claims, the statute of limitations is triggered when a plaintiff has a cause of action for damages, *i.e.*, when the foreclosure occurs "causing either a loss of title or possession or both."  According to Guyer, this does not occur until both a foreclosure affidavit and a deed are recorded.  Guyer further argues that because the discovery rule applies to wrongful foreclosure claims, the statute of limitations began to run at the earliest when the Foreclosure Affidavit was recorded on January 10, 2011, giving him notice of the foreclosure.

Nationstar and Fannie Mae argue that instead of the discovery rule, the relevant inquiry "is what the plaintiff might 'have known by the use of the means of information within his reach, with the vigilance the law requires of him[.]'" (Citing Ass'n of Apartment Owners of Newtown Meadows ex rel. Bd. of Dirs. v. Venture 15, Inc., 115 Hawaiʻi 232, 277-78, 167 P.3d 225, 270-71 (2007), as corrected (Sept. 20, 2007)).  Thus, Nationstar and Fannie Mae argue the Circuit Court did not err because Guyer's claim for money damages accrued when the Notice of Sale was recorded and served on Guyer on September 28, 2010, considering the Notice of Sale provided him with the "information necessary to assert a claim of wrongful foreclosure."

As discussed in Delapinia, "[u]nder Hawaii's discovery rule, the statute of limitations begins to run when the plaintiff 'discovers or should have discovered the negligent act, the damage, and the causal connection between the former and the latter.'"  146 Hawaiʻi at 226, 458 P.3d at 937 (quoting Thomas v. Kidani, 126 Hawaiʻi 125, 132, 267 P.3d 1230, 1237 (2011)).  There, because the "actual damage being claimed was the loss of title," the earliest date of accrual was when title was deeded by the mortgagee, *i.e.*, "when title was transferred to someone other than the Delapinias."  Id.

7

In Schick v. Nationstar Mortgage LLC, No. CAAP-18-0000103, 2022 WL 2315570, at *6 (Haw. App. June 28, 2022) (mem.), this court similarly determined that where the appellant alleged "depriv[ation] of possession, title, use, and occupancy of the [p]roperty," the date of accrual was when title to the subject property was deeded to a party other than the appellant-mortgagor.

Here, it is undisputed that Nationstar transferred title to someone other than Guyer, namely, Fannie Mae, on March 30, 2011.  The Complaint was filed on December 28, 2016, within the six-year statute of limitations.  See id.  Therefore, the Circuit Court erred in granting summary judgment for Nationstar and Fannie Mae on grounds that Guyer's wrongful foreclosure claim was time-barred by the statute of limitations.

## C.  Twenty-Year Statute of Limitations

The remedy for a wrongful nonjudicial foreclosure governed by the six-year statute of limitations is that the transfer of property is voidable.  Delapinia II, 150 Hawaiʻi at 104, 497 P.3d at 119 ("Hawaiʻi law has moved unmistakably towards the conclusion that sales pursuant to a wrongful foreclosure are voidable, regardless of whether the violation was statutory or contractual, substantial or a mere irregularity.").  Further, "where the property has passed into the hands of an innocent purchaser for value, rendering the voiding of a foreclosure sale impracticable, an action at law for damages is generally the appropriate remedy."  Id. (citations omitted).

Given our ruling above, that Guyer's wrongful foreclosure claim was not time-barred, we need not reach Guyer's third argument that a twenty-year statute of limitations applies under HRS § 657-31.

## IV.  Conclusion

Based on the foregoing, we vacate the (1) "Final Judgment" entered on March 21, 2018 and (2) "Order Granting Defendants Nationstar Mortgage LLC's and Federal National Mortgage Association's Motion for Summary Judgment" entered on

November 1, 2017.  We remand this matter to the Circuit Court of the Second Circuit for further proceedings consistent with this decision.

DATED:  Honolulu, Hawaiʻi, November 30, 2022.

On the briefs:

James J. Bickerton,
Bridget G. Morgan,
(Bickerton Dang, LLLP),
          and
John F. Perkin,
(Perkin & Faria LLLC),
          and
Van-Alan H. Shima,
(Affinity Law Group),
Attorneys for
Plaintiff-Appellant

Andrew J. Lautenbach,
Kukui Claydon,
(Starn O'Toole Marcus
& Fisher),
Attorneys for
Defendants-Appellees

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge